UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DEMETRIUS FRANK<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA<br><br>    Respondent. | Case No. [CV 09-05202 DDP]<br>CR 01-00907 RMT ✓<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>[LINK TO DOCKET NUMBERS 376, 378, 380, 385] |

Presently before the court is Petitioner Christopher Demetrius Frank's Motion for Reconsideration of this court's Order Denying Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255. (Dkt. No. 32.) Petitioner contends that this court's order did not address his argument that trial counsel did not possess adequate information upon which to base a trial strategy, and was therefore ineffective.

To summarize the relevant facts of this case, as described in detail in this court's earlier Order, Petitioner was convicted of attempted carjacking and using or carrying a firearm in relation to a crime of violence after he jumped into the back of a pickup truck

1 | that was stopped at a red light, brandished a loaded gun, and
2 | ordered the driver to drive. Petitioner testified at trial that
3 | his actions were motivated by his belief that he was being pursued.
4 | Prior to trial, Petitioner's counsel sought records and expert
5 | opinions regarding Petitioner's mental health, which counsel
6 | ultimately presented to the court at sentencing. At the guilt
7 | phase of trial, however, Petitioner's counsel elected to present a
8 | defense based on duress rather than mental illness.
9 | As explained in the court's Order, a petitioner alleging
10 | ineffective assistance of counsel must show (1) counsel's
11 | representation fell below an objective standard of reasonableness;
12 | and (2) counsel's substandard performance was prejudicial to the
13 | defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).
14 | Deferring to counsel's decision to pursue a duress defense, the
15 | court held that Plaintiff's claim fails under both prongs.
16 | In his motion for reconsideration, Plaintiff argues that the
17 | court failed to address his contention that counsel failed to
18 | adequately consult with mental health experts before choosing to
19 | abandon the mental health defense, and that counsel therefore could
20 | not have made an informed decision to abandon the mental health
21 | defense in favor of the duress defense. (Recon. Mot. at 2.)
22 | Petitioner is correct that defense counsel "must, at a
23 | minimum, conduct a reasonable investigation enabling him to make
24 | informed decisions about how best to represent his client." Rios
25 | v. Rocha, 299 F.3d 796, 806 (9th Cir. 2002) (internal quotation,
26 | citation, and emphasis omitted). While counsel here obviously
27 | pursued mental health evidence, which she later presented at
28 |

sentencing, it is unclear on the present record whether counsel was aware of the experts' diagnoses at the time of trial.

Even if counsel did not have a reasonable basis for electing to pursue the duress defense, however, Plaintiff cannot show that he was prejudiced. As explained earlier, expert witnesses could not have testified as to Petitioner's state of mind at the time of the offense. Fed. R. Evid. 704(b); United States v. Morales, 108 F.3d 1031, 1035-36 (9th Cir. 1997) (en banc). While Judge Takasugi may theoretically have inferred from other, permissible testimony that Petitioner lacked the requisite mental state, Id. at 1037, Petitioner has not shown a reasonable probability of such an outcome. To the contrary, it is clear that the court would not have been swayed by mental health evidence. Judge Takasugi ultimately heard all of the mental health evidence at the sentencing phase, yet declined to grant Petitioner a downward departure from the sentencing guidelines. It is highly improbable that the court's determination at the guilt phase would have been affected by a more restricted set of mental health evidence than that which ultimately failed to persuade the court at sentencing.

For these reasons, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: November 16, 2012

DEAN D. PREGERSON
United States District Judge

3